UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:13CR443 SNLJ |
| v. ) | |
| ) | |
| ALAN R. JUNG, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO REVOKE MAGISTRATE'S PRETRIAL DETENTION ORDER,
REQUEST TO SET BOND AND REQUEST FOR DETENTION HEARING**

COMES NOW Defendant, Alan R. Jung ("Defendant"), by and through counsel, and pursuant to the Bail Reform Act, 18 U.S.C.A. § 3142, respectfully requests that this Honorable Court revoke the Magistrate's Order of Detention Pending Trial dated October 17, 2014, set a bond for Defendant's pre-trial release, and hold a detention hearing pursuant to this request, and in support of this motion, states to the Court as follows:

1. On October 17, 2014, this Court issued its Order of Detention Pending Trial [Doc. 17] ("Detention Order"), stating that "Defendant is charged with Threatening to Murder a Federal Employee.  The affidavit supporting the Criminal Complaint alleges that Defendant threatened to kill Post Office employees.  A search of Defendant's home revealed 14 loaded firearms, substantial ammunition and magazines.  Defendant has a civil action pending against his former employer – The United States Post Office and was fired from that job.  Defendant is a danger to the community and a flight risk based upon the charges.  There are no conditions or combination of conditions to reasonably assure either the Defendant's appearance in the Court or the safety of the community.

2. Subsequent to the Order of Detention, the parties exchanged discovery in this matter.

3.	The charges against Defendant require proof that Defendant threatened to kill a Post Office employee while that employee was engaged in the performance of official Post Office duties or that Defendant threatened a postal employee on account of that employee's official duties.

4.	The evidence produced by the United States shows that the charges rely solely on one person's interpretation of words said at a public restaurant while that person was on lunch break.  While Defendant disputes the interpretation of his conversation with that individual, even if those words were taken to constitute a threat against a Post Office employee, the threat was not made while a Post Office employee was engaged in the performance of official duties or on account of the employee's official Post Office duties.  The very best interpretation of this extremely shaky evidence is that Defendant was eating lunch at a public restaurant, saw a former co-worker who was also eating lunch (not performing any official Post Office duties), and approached that individual to express his anger towards other former co-workers regarding personal issues unrelated to any performance of official Post Office duties.

5.	The firearms referred to in the Detention Order were all seized by the United States and have not been returned to Defendant, Defendant does not own any other firearms, and Defendant would not have any other access to any firearms if he were released.

6.	The United States has not produced any evidence that Defendant is a flight risk.  Defendant has substantial ties to the community, does not have the means to flee, and is not a flight risk.

7.	As a result of the foregoing, Defendant filed a Motion for Bond Reduction [Doc. 44] on April 17, 2014.  No hearing was held upon the Motion and it was denied by Order dated April 18, 2014 [Doc. 46].

8. Pretrial detention is only authorized when it is established by clear and convincing evidence that no condition or combination of conditions may be imposed upon Defendant's release that will reasonably assure the safety of the community or when the preponderance of the evidence demonstrates that no condition will assure Defendant's appearance. *See* 18 U.S.C.A. § 3142(f); see also *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). No provision creating a rebuttable presumption in favor of detention on either issue applies in this matter. *See* 18 U.S.C.A. § 3142(e). The Court may not detain a defendant because the condition cannot "guarantee" his appearance or the safety of the community, but must release the Defendant if conditions that "reasonably assure" his appearance and the safety of the community are available. *Orta*, 760 F.2d at 891-892. The Bail Reform Act "mandates every form of release be considered before detention may be imposed." *Id*. at 892. The Detention Order does not indicate that any condition or combination of conditions was even considered; and certainly does not set forth sufficient evidence that no condition could be imposed upon Defendant's release to reasonably assure his appearance and the safety of the community.

9. There are numerous conditions that may be imposed upon Defendant's release that will assure his appearance and the safety of the community, such as posting bond, electronic monitoring, and home detention. Defendant has numerous family members in the area that are willing and able to supervise Defendant's pre-trial release and compliance with any conditions of release.

10. Despite the lack of evidence supporting (1) the charges pending against Defendant, (2) that Defendant is a danger to the community, (3) that Defendant is a flight risk, and (4) that no condition or combination of conditions may be imposed on Defendant's release that will assure Defendant's appearance and the safety of the community, no bond has been allowed for Defendant.

11. Defendant has now been detained pending trial for almost 11 months.

12. For the reasons set forth above, justice requires that this Honorable Court revoke the Detention Order and set a bond for Defendant's release and/or set a hearing in this matter to determine conditions that will assure Defendant's appearance and the safety of the community.

WHEREFORE, Defendant respectfully requests that this Honorable Court revoke the Magistrate's Order of Detention Pending Trial [Doc. 17] and set a bond for Defendant's release and/or set a hearing in this matter to determine conditions that will assure Defendant's appearance and the safety of the community.

Respectfully submitted,

RESTOVICHALLEN, LLC

By: /s/ *George B. Restovich*
George B. Restovich, #49639MO
13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
314.434-7700 – telephone
314.448-4320 – facsimile
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of September, 2014, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Patrick T. Judge, Sr.
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
patrick.judge@usdoj.gov

/s/ *George B. Restovich*